684

## Borough of Camp Hill v. Myers

*Addison M. Bowman*, borough solicitor, for plaintiff.
*Myers & Myers*, for defendant.

REESE, P. J., January 3, 1945.—In this proceeding, a scire facias sur municipal lien, the borough seeks to recover from defendant an assessment on defendant's land, on the front foot rule, for benefits arising from the construction of a sewer. It was agreed by the parties that the case should be tried by the court, without a jury. In lieu of a hearing the parties have filed a stipulation as to the facts in the case. We adopt, as our findings of fact, the facts which are set forth in the stipulation filed herein.

### Discussion

In 1903 defendant's predecessor in title, owning a considerable tract of land, dedicated Willow Avenue to public use by laying it out as a street on a plan of lots duly recorded. Certain portions of the street were thereafter duly opened and used. The portion, however, bounding defendant's lot, and here involved, has

never been opened or used as a street. The power of the municipality over this unopened part of the street was at an end before the installation of the sewer by force of the Act of May 9, 1889, P. L. 173, substantially reënacted as to boroughs by the Act of May 14, 1915, P. L. 312, 346, and later by the Act of May 4, 1927, P. L. 519, sec. 1631, 53 PS §13622. This section provides:

"Whenever any street, lane, or alley shall be laid out by any person, and has not been opened to, or used by, the public for twenty-one years, such streets, lanes, or alleys shall not thereafter be opened without the consent of the owners of the land on which the same has been so laid out."

In City of Chester v. Thurlow Land Co., 9 Del. Co. 51, 13 Dist. R. 285, the facts were almost identical with those in the case now before us. The court held that a borough cannot recover from a property owner for benefits arising from the construction of a sewer, unless the land through which the sewer was laid is a public street or highway. There, as here, a street was laid out on a plan of lots and, after more than 21 years had elapsed, the borough constructed a sewer in a portion of the street which had never been opened or used as a public highway. The court held, as we must here, that the power of the municipality over the unopened part of the street was at an end by force of the Act of 1889, supra.

*Conclusions of law*

1. The portion of Willow Avenue involved herein is private property.

2. The construction of a sewer line on said portion of Willow Avenue was not a public improvement for the cost of which abutting property might be assessed.

3. The assessment of defendant's land for the portion of the cost of the construction of the sewer line was improper.

4. The decision in this case must be in favor of defendant.

And now, January 3, 1945, the court finds in favor of defendant, Robert L. Myers, Jr., and against plaintiff, Borough of Camp Hill. The prothonotary is directed to give notice forthwith of this decision to counsel for both parties and to enter judgment on this decision, unless within 30 days after said notice shall have been given exceptions are filed to the findings of fact, conclusions of law, or decision of the court.